UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 20-cv-01325-JSC<br><br>**ORDER OF TRANSFER**<br><br>(ECF Nos. 2, 3) |

Plaintiffs, California prisoners proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.[1] Plaintiffs are located at the California Correctional Institute ("CCI") in Tehachapi, California. They seek to represent a class of all inmates in state prison and in county jails throughout California. They claim that housing inmates in bunkbeds violates the federal constitution. They name two defendants, the Governor of California and the Secretary of the California Department of Corrections and Rehabilitation, both of whom are located in Sacramento, California. Tehachapi, in Kern County, and Sacramento lie within the venue of the Eastern District of California. *See* 28 U.S.C. § 84.

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Venue for this case is proper in any district in California under

---

[1] Plaintiffs have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4-5.)

United States District Court
Northern District of California

1  Section 1391(b)(2) because the class-wide allegations encompass events that took place
2  throughout the state.
3      The Eastern District of California is the more convenient forum, however.  Where an
4  alternative forum with greater relation to the defendant or the action exists than the forum in which
5  the action was filed, 28 U.S.C. § 1404(a) allows transfer of a case from one federal district court to
6  another "[f]or the convenience of parties and witnesses, in the interest of justice."  Plaintiffs and
7  Defendants are located in the Eastern District, and the alleged violations of Plaintiffs' rights also
8  took place in the Eastern District.  Although Plaintiffs seek to certify a class of all California
9  inmates, certification of such a class is unlikely because pro se prisoner plaintiffs are not adequate
10 class representatives able to fairly represent and adequately protect the interests of the class.  *See*
11 *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308
12 F.2d 78, 79 (9th Cir. 1962).  Even if the class is certified, moreover, litigating the case in the
13 district where the named Plaintiffs and Defendants are located is more convenient.
14     For the convenience of the parties and in the interests of justice, this case is
15 TRANSFERRED to the United States District Court for the Eastern District of California pursuant
16 to 28 U.S.C. § 1404(a).  The Clerk of the Court shall transfer this matter forthwith.  In light of this
17 transfer, the Court defers to the Eastern District for ruling on the motions for leave to proceed in
18 forma pauperis.
19     The Clerk shall terminate docket numbers 2 and 3 from this Court's docket.
20     **IT IS SO ORDERED.**
21 Dated: May 13, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge