UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAVIN NEWSOM et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-00674-SAB (PC)<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING THE CLERK OF COURT TO OPEN A NEW PRISONER CIVIL RIGHTS ACTION FOR PLAINTIFF, HENDRIX MORENO MONTECASTRO<br><br>[ECF No. 1] |

　　　　Plaintiffs Paul Adams and Hendrix Moreno Montecastro filed the instant action pursuant to 42 U.S.C. § 1983, on February 21, 2020, in the United States District Court for the Northern District of California, along with separate motions to proceed in forma pauperis.  (ECF Nos. 1-3.)

　　　　On May 13, 2020, the action was transferred to this Court.  (ECF No. 7.)

　　　　Plaintiffs Paul Adams and Hendrix Moreno Montecastro seek to litigate this action on behalf of themselves, and as a class action on behalf of all other inmates.  Plaintiff Paul Adams seeks to be appointed as counsel for the class action.

　　　　Plaintiffs contend that over the past two decades a history of serious danger, overcrowding, and an excessive increase in violence has emerged in the State of California prisons and County Jails, due in large part to double bunking.

///

1

1  Upon review of the complaint, and based on the reasoning below, the Court finds that each
2  Plaintiff shall proceed separately on his own claims.  As an initial matter, Plaintiff Paul Adams is
3  informed that he cannot bring an action on behalf of fellow inmates because he is proceeding in pro se
4  in this action. Pro se litigants have no authority to represent anyone other than themselves; therefore,
5  they lack the representative capacity to file motions and other documents on behalf of prisoners. See
6  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority
7  to appear as an attorney for others than himself,' " (quoting C.E. Pope Equity Trust v. United States,
8  818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v. Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir.
9  2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative
10 capacity). "Although a non-attorney may appear in propria person in his behalf, that privilege is
11 personal to him." Id. (citations omitted).

12  In addition, it is well established that a layperson cannot ordinarily represent the interests of a
13 class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute
14 when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v.
15 Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately
16 protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.
17 See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976).  This action, therefore, will not be
18 construed as a class action and instead will be construed as an individual civil suit.

19  Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs
20 in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction,
21 occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact.
22 If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined
23 parties, so long as no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130
24 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); see Fed. R. Civ. P. 21 ("Misjoinder of
25 parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on
26 just terms, add or drop a party. The court may also sever any claim against a party.").

27  However, actions brought by multiple prisoners in pro se present unique problems not
28 presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different

institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. Moreover, even if plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of both plaintiffs, since plaintiffs are not permitted to sign documents on the other's behalf. Local Rule 131(b) ("All pleadings and non-evidentiary documents shall be signed...by the party involved if that party is appearing *in propria persona*."); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' " (quoting C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987))).

Further, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. To proceed with a civil action, each plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. Hubbard v. Haley, 262 F.3d 1194, 1196-97 (11th Cir. 2001); see also Oliver v. Keller, 289 F.3d 623, 627-28 (9th Cir. 2002). Thus, in order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004); Hubbard, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

Therefore, to avoid the problems related to case-management and filing fees, permissive joinder of Paul Adams and Hendrix Monroe Montecastro, as co-plaintiffs in this action is denied. They may each, however, proceed with their own actions. See DirecTV, Inc. v. Leto, 467 F.3d 842, 846 (3d

Cir. 2006) (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that might arise in event of dismissal).  Accordingly, this action will proceed with Paul Adams as the sole Plaintiff, and the claims presented by Plaintiff Hendrix Monroe Montecastro will be severed and filed in a new civil rights action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Paul Adams shall proceed as the sole Plaintiff in case number 1:20-cv-00674-SAB (PC);
2. The claims of Plaintiff Hendrix Monroe Montecastro are severed from the claims of Plaintiff Paul Adams;
3. The Clerk of the Court is directed to:
    a. Open a separate § 1983 civil action with nature of suit 550 for:

       Hendrix Monroe Montecastro
       CDCR # AS-6243
       California Correctional Institution
       P.O. Box 107
       Tehachapi, CA 93581

    b. Assign the new action to the Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
    c. File and docket a copy of this order in the new action opened for Plaintiff Hendrix Monroe Montecastro; and
    d. Place copies of the complaint (ECF No. 1) and the motion to proceed in forma pauperis (ECF No. 3) in the new action opened for Plaintiff Hendrix Monroe Montecastro.

IT IS SO ORDERED.

Dated:   **May 15, 2020**

UNITED STATES MAGISTRATE JUDGE