UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ADAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM et al.,<br><br>        Defendants. | Case No.: 1:20-cv-00674-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>[ECF No. 2] |

Plaintiff Ryan Adams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 21, 2020, along with a motion to proceed in forma pauperis, in the United States District Court for the Northern District of California. The action was transferred to this Court on May 13, 2020.

Currently before the Court is Plaintiff's motion to proceed *in forma pauperis*.

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related

1

screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he was subjected to unconstitutional conditions, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following United States District Court cases: (1) Adams v. Gottlieb, Case No. 2:09-cv-03027-UA-PJW (C.D. Cal.) (dismissed on May 19, 2009 as frivolous and Heck-barred); (2) Adams v. Small, Case No. 3:10-cv-01211-MMA-POR (S.D. Cal.) (dismissed on February 1, 2012 for failure to state a claim), aff'd, Case No. 12-55328 (9th Cir. November 4, 2013); (3) Adams v. Raske, 3:11-cv-00243-WQH-JMA (S.D. Cal.) (dismissed on August 13, 2013 as frivolous and for failure to state a claim); and (4) Adams v. Roe, Case No. 5:14-cv-00607-SJO-PJW (C.D. Cal.) (dismissed on November 2, 2016 for failure to state a claim). See also Adams v. Roe, Case No. 16-56734, Dkt. 23 (9th Cir.) (finding that plaintiff-appellant is subject to 28 U.S.C. § 1915(g) and revoking *in forma pauperis* status on appeal); Adams v. Newsome, Case No. 1:19-1109-NONE-BAM (PC), Dkt. 9 (recommendation pending to deny request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on February 7, 2020.[1]  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  See also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)....").  Thus, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception.  Andrews, 493 F.3d at 1053.

In the complaint, Plaintiff alleges that he is in imminent danger. However, nothing in Plaintiff's complaint suggests that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.

Plaintiff alleges that double bunking and overcrowding has led to violence, disorder, assaults, and lack of adequate medical and mental health treatment.  However, Plaintiff's allegations are general in nature in relation to himself and all other inmates.  Plaintiff's complaint includes numerous

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

allegations relating to double bunking and overcrowding.  However, the allegations do not plausibly suggest that Plaintiff is in imminent danger.

In relevant part, Plaintiff alleges the following:

TREACHEROUS LIVING CONDITIONS AS IMMINENT DANGER (FROM OVERCROWDING), AS INMATES BEAT, ATTACK AND EVEN KILL EACHOTHER OVER LIVING SPACE;

NOISE LEVELS SO PROFOUND THAT INMATES CONSIDER COMITTING SUICIDE, FIGHT,RIOT, ATTACK, AND SUFFER MENTAL INFLICTION;

DOUBLE BUNKING INMATES, CREATES INVASIONS OF SPACE, CONSTANT DISTURBANCESHAKING, MOVEMENTS THAT TRIGGER HOSTILITY, ANGER, FIGHTS, RIOTS, ATTACKS, SUICIDE, KILLINGS, AND MURDERS; IT ALSO MANIFESTS MENTAL, EMOTIONAL,STRESS AND ANXIEIY, PROFOUND DEPRESSION AND PSiCHOLOGICAL PAIN AND SUFFERING, FOR LONG PERIODS OF TIME. (TO OVER 7 5% OF INMATE POPULATION.)

DOUBLE BUNKING INMATES IS THE SOLE REASON FOR PRISON AND JAIL OVERCROWDING. IN FACT THE STATE OF CALIFORNIA JAILS AND PRISONS ARE OVERCROWDEDBASED ON DOUBLE BUNKING INMATES VERTICALLY AND THUS IT VIOLATES THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION;

DOUBLE BUNKING MANIFESTS OVERCROWDING, WHICH IN TURN CREATES LACK OF ADEQUATE MEDICAL CARE AND MENTAL HEALTH FOR PRISON INMATES DUE TO THE SHEER VOLUME OF POPULATION,WHERE UNDER-QWJFIED MEDICAL STAFF CANNOT MEET THE MEDICAL AND MENTAL HEALTH NEEDS OF THE WHOLE POPULATION AND SYSTEMATICALLY, DELAYED, MISDIAGNOSED, MALTREATED, DENIED CARE COMPLETEL, AND MISTREATED TO THE EXTENT NO MEDICAL OR MENTAL HEALTH CARE AT ALL.

DOUBLE BUNKING OF INMATES CREATES UNSAFE LIVING CONDITIONS, WHERE PRISON ORDER CANNOT BE MAINTAINED BY THE CORRECTIONAL OFFICERS AND DEPUTIES IN PRISONS AND JAILS IN CALIFORNIA, BECAUSE OF THE OVERCROWDING, OFFICIALS RELY ON HAVING "SHOT CALLER" INMATES REGULATE OTHER INMATES FOR DISCIPLINARY PURPOSES, AS BEATING INMATES, ATTACKING INMATES, BULLYING INMATES, USING DURESS AND FEAR, MURDER AND KILLINGS, BECAUSE OFFICIALS THEMSELVES CANNOT CONTROL THE OVERLY POPULATED PRISONS AND JAILS, WITH-OUT THE HELP OF OTHER FRJRNERS TO ACT AS REGULATORS UPON OTHER INMATES. ON BEHALF OF THE CORRECTIONAL OFFICERS AND CREATING UNSAFE LIVING CONDITLONS IN JAILS AND PRISONS. (ORDER IN PRISONS AND JAILS ARE LOSSED);

DOUNBLE BUNKING INMATES IN CALIF[O]RNIA JAILS AND PRISONS CREATES OVERCROWDING AND CAUSES A SERIOUS AND SIGNIFICANT INCREASE IN

VIOLENCE, WHICH LEADS TO INMATE ON INMATE ATTACKS, FIGHTS, RIOTS, MURDERS, KILLINGS, EXCESSIVE FORCE, VIOLATIONS OF CONSTITUTIONAL RIGHTS AND OUTRIGHT CHAOS AND INADEQUATE GOVERNMENTAL CONTROL AND FUNCTION.

(Compl. at 4(A)-(G), ECF No. 1.)

Although Plaintiff refers to violence, assaults, overcrowding, double bunking, lack of medical and mental health treatment, the allegations are general in nature. However, as described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. Plaintiff has provided no such allegations in this case. There are no factual allegations suggesting that Plaintiff was ever seriously injured, threatened, or subjected to violence at the time of filing the complaint. Plaintiff's complaint simply does not provide specific factual allegations to support the conclusory allegations of imminent danger in relation to himself. See Reberger v. Baker, 657 F. App'x 681, 684 (9th Cir. 2016) (stating vague, conclusory, and speculative allegations do not establish a "plausible allegation of imminent danger" sufficient to "invoke the exception to the three-strikes rule").

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff not be allowed to proceed *in forma pauperis* in this action and that he be required to pay the $400 filing fee in full if he wants to proceed with this action.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis be denied;
2. Plaintiff be directed to pay the $400.00 filing fee to proceed with this action.

///

///

5

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 19, 2020**

UNITED STATES MAGISTRATE JUDGE